IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RIGOBERTO TOSCANO, # R-25562,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-00216-MJR |
| | ) |
| **WEXFORD HEALTH SOURCES,** | ) |
| **DOCTOR OSMUNDSON,** | ) |
| and **DOCTOR SHAH,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Rigoberto Toscano, an inmate who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this action pursuant to 42 U.S.C. § 1983. According to his complaint, Plaintiff has been denied treatment for bilateral inguinal hernias by his medical providers at Robinson for more than a year. (Doc. 1 at 5-6). He now brings an Eighth Amendment deliberate indifference to medical needs claim against Wexford Health Sources ("Wexford"), Doctor Shah (Robinson physician), and Doctor Osmundson (Robinson physician). (*Id*.). Plaintiff seeks monetary damages. (*Id*. at 7).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

In early 2015, Plaintiff sustained a groin injury while playing basketball at Robinson. (Doc. 1 at 6). He submitted a sick call request and was scheduled for an appointment with Doctor Shah, one of the prison's physicians. Doctor Shah diagnosed Plaintiff with a muscle strain and gave him ibuprofen. Plaintiff's pain did not subside.

Weeks later, he met with a prison nurse, who scheduled him for an appointment with Doctor Osmundson, another physician at Robinson. Doctor Osmundson diagnosed Plaintiff with a hernia but indicated that "they would not be able to do anything" for him. (*Id.*) Plaintiff filed grievances seeking medical treatment for his hernia, but the grievances were denied. In the meantime, he continued to suffer from pain in his groin. Doctor Shah insisted that Plaintiff was suffering from a "simple muscle strain" or arthritis. (*Id.* at 6). After exhausting his initial 30-day supply of ibuprofen, Plaintiff was denied additional pain medication and instead given cold pills.

In December 2015, Plaintiff was finally referred to Central Illinois Radiological for further evaluation. He was diagnosed with bilateral inguinal hernias, which Plaintiff claims can only be treated with "a medical procedure." (*Id.*). However, Wexford will not authorize the procedure because of "cost considerations." (*Id.*). Doctor Shah and Doctor Osmundson took no steps to secure additional treatment for Plaintiff or to treat his pain.

Plaintiff now sues Wexford, Doctor Shah, and Doctor Osmundson for exhibiting deliberate indifference to his medical needs, in violation of the Eighth Amendment. (*Id.*). The only relief he seeks is monetary damages. (*Id.* at 7).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the

Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into a single count:

> **Count 1: Defendants responded to Plaintiff's serious medical need (*i.e.*, his bilateral inguinal hernias and associated pain) with deliberate indifference, in violation of the Eighth Amendment.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

## Discussion

Count 1 shall receive further review against all three defendants. The Eighth Amendment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *See Perez v. Fenoglio*, 792 F.3d at 768, 776 (7th Cir. 2015) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment claim in this context, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

A serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). Plaintiff's bilateral inguinal hernias satisfy the objective component of this claim at screening. *See King v. Kramer*, 680 F.3d 1013 (7th Cir. 2012) (hernia is considered a serious medical condition); *Gonzalez v. Feinerman*, 663 F.3d 311 (7th Cir. 2011) (unincarcerated hernia may be considered serious medical condition).

Deliberate indifference occurs when a defendant realizes that a substantial risk of harm to a prisoner exists, but disregards the known risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the context of an untreated and painful hernia, the Seventh Circuit has specifically noted that a "[d]elay in treating a condition that is painful even if not life-threatening may well constitute deliberate indifference." *Gonzalez*, 663 F.3d at 315. In addition, the "deliberate refusal to treat treatable pain can rise to the level of an Eighth Amendment violation." *Brown v. Darnold*, 505 Fed. Appx. 584 (7th Cir. 2013) (citing *Gil v. Reed*, 381 F.3d 649, 661-62 (7th Cir. 2004)). The allegations in the complaint suggest that Doctor Shah and Doctor Osmundson may have responded to Plaintiff's hernias and related pain with deliberate indifference, when they denied him further testing and treatment and failed to treat his pain after his diagnosis.

The allegations in the complaint also suggest that the deliberate indifference standard is satisfied with respect to Wexford, a private corporation that contracts with the IDOC to provide medical services to prisoners in Illinois. A private corporation that contracts to provide essential government services cannot be liable under § 1983, unless the constitutional violation "was caused by an unconstitutional policy or custom of the corporation itself." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 789 (7th Cir. 2014). The doctrine of *respondeat superior* (supervisory liability) is not recognized under § 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Plaintiff alleges that Wexford refused to authorize the medical procedure necessary to treat his hernia because of cost concerns. Doctors Shah and Osmundson allegedly acted pursuant to this policy when denying Plaintiff's requests for treatment. Because this policy could foreseeably delay proper medical care and result in unnecessary pain, the claim against Wexford shall receive further review. *See Perez*, 792 F.3d at 781-82 (reversing dismissal of claim against

Wexford where its policy of having no full-time doctor stationed at prison delayed proper medical care of prisoner).

In summary, Count 1 against Wexford, Doctor Shah, and Doctor Osmundson shall receive further review.

### Interim Relief

In the complaint, Plaintiff indicates that he is in need of a "medical procedure." However, his request for relief includes no request for the procedure. He also seeks no injunctive relief, including a preliminary injunction or temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. If Plaintiff deems interim relief to be necessary, he must file a motion for a temporary restraining order and/or preliminary injunction pursuant to Rule 65. *See* FED. R. CIV. P. 65(a)-(b).

### Pending Motions

Plaintiff filed a Motion to Appoint Counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff also filed a Motion for Service of Process at Government Expense (Doc. 4), which is hereby **GRANTED**. An Order for service of this lawsuit on each of the defendants is included in the below Disposition.

### Disposition

**IT IS HEREBY ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendants **DOCTOR SHAH, DOCTOR OSMUNDSON,** and **WEXFORD HEALTH SOURCES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of

employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and

28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: March 24, 2016**

<u>**s/ MICHAEL J. REAGAN**</u><br>**Chief District Judge,**<br>**United States District Court**