UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RIGOBERTO TOSCANO,

    Plaintiff,

  v.

WEXFORD HEALTH SOURCES, DR. SHAH and DR. ORMUNDSON,

    Defendant.

Case No. 16-cv-216-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 54) of Magistrate Judge Stephen C. Williams recommending that the Court deny plaintiff Rigoberto Toscano's motion for a preliminary injunction (Doc. 26). Toscano has filed an objection to the Report (Doc. 57).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This case arose after Toscano, an inmate at Robinson Correctional Center at all relevant times, became dissatisfied with the medical treatment he received for a March 2015 groin injury diagnosed as bilateral inguinal hernias. He claims that condition can only be treated with surgery, which has not been provided to him. He believes the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they failed to fix his

hernias.  In his motion for a preliminary injunction, Toscano seeks an appointment with a specialist and surgery to fix his hernias.

In the Report, Magistrate Judge Williams found that Toscano had not established a likelihood of success on the merits of his claim.  Magistrate Judge Williams carefully reviewed the history of Toscano's medical treatment and held a hearing on the motion.  He found that defendant Dr. Shah credibly testified that Toscano's hernias were small, that he was unable to feel them in an examination and that he told Toscano he could restrict lifting weight and eat more fiber to avoid hernia pain.  Magistrate Judge Williams further noted that the Mayo Clinic states hernias require surgery only in certain situations, none of which Dr. Shah found present with Toscano. Magistrate Judge Williams found Toscano's testimony about his pain not credible in light of the fact that it differed from the type of pain Dr. Shah testified would be caused by small hernias and that for long periods of time Toscano did not complain about frequent, extreme pain to medical staff.  Magistrate Judge Williams concluded that Toscano had no likelihood of being able to show that the defendants were deliberately indifferent to his serious medical needs.

In his objection, Toscano argues that he was, in fact, in continuous pain, which would be consistent with small hernias as stated by Dr. Shah.  He points to the fact that Dr. Shah told Toscano he could purchase pain medication from the commissary and the fact that Dr. Shah ordered an ultrasound as evidence that Dr. Shah knew of his pain.  He also challenges Dr. Shah's credibility and his motivation (cost containment) in not providing Toscano with pain medication. Toscano did, in fact, complain about pain in grievances.

The Court has reviewed the matter *de novo*, including the medical records and the transcript of the preliminary injunction hearing, and finds Magistrate Judge Williams is correct in

his findings and recommendations in the Report.  The Court will not second-guess Magistrate Judge Williams' credibility findings since he was in the best position to judge the truthfulness of witnesses appearing before him and since there is a substantial basis for those findings in the record.  The evidence reveals Toscano made sporadic complaints of pain to medical personnel in 2015 and that medical personnel responded to those complaints by prescribing pain medication when requested and/or an ultrasound test to determine the cause of the pain, but that test revealed Toscano had only small hernias.  Dr. Shah entered the picture in early 2016.  The evidence shows he was not aware of the nature and extent of the pain Toscano now alleges, did not see any objective findings of any condition that would cause extreme pain like Toscano alleges, was not aware of Toscano's desire for pain medication, and used his medical judgment to determine that surgery was not necessary to treat Toscano's hernias.  His advice to Toscano about how to avoid pain from hernias was a reasonable response based on what Dr. Shah knew about Toscano's health problems and was not deliberate indifference to Toscano's medical needs.  In sum, there is no evidence from which Toscano could show a likelihood of success on his claim that any defendant was deliberately indifferent to his medical needs.

For these reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 54);
- **OVERRULES** Toscano's objection (Doc. 57); and
- **DENIES** Toscano's motion for a preliminary injunction (Doc. 26).

**IT IS SO ORDERED.**
**DATED:   October 13, 2016**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**