UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RIGOBERTO TOSCANO,<br><br>    Plaintiff,<br><br>    v.<br><br>WEXFORD HEALTH SOURCES, DR. SHAH and DR. ORMUNDSON,<br><br>    Defendant. | Case No. 16-cv-216-JPG-SCW |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Rigoberto Toscano's motion for reconsideration (Doc. 63) of the Court's October 14, 2016, order (Doc. 61) denying his motion for a preliminary injunction (Doc. 26).

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City*

*of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

Toscano argues that the Court erred in finding that defendant Dr. Shah did not enter the picture with respect to Toscano's bilateral inguinal hernias until early 2016, yet he points to no evidence in his medical records that Dr. Shah examined him before that date.   Toscano also complains that he was not given a chance to rebut certain pieces of evidence used by the defendants such as, for example, the Mayo Clinic website and Dr. Shah's "expert" testimony, but he has not explained how that would have shown Dr. Shah was deliberately indifferent to his medical needs.

In sum, Toscano has not offered a compelling reason for the Court to change its prior ruling.   In fact, most of his arguments go his health condition at the relevant time – such as, for example, the condition of his hernias, whether he was in pain, or what kind of pain he experienced – rather than Dr. Shah's actual knowledge of Toscano's health status during his treatment, the relevant issue in this Eighth Amendment deliberate indifference case.

For this reason, the Court **DENIES** Toscano's motion to reconsider (Doc. 63).

**IT IS SO ORDERED.**
**DATED:   January 30, 2017**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**